1
2
3
4                           UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    AIDS HEALTHCARE FOUNDATION,
     INC.,                                    Case No.  16-cv-02319-RS
8                     Plaintiff,
9           v.                                ORDER GRANTING IN PART AND
                                              DENYING IN PART DEFENDANTS'
10   CITY AND COUNTY OF SAN                    MOTION TO DISMISS PETITION AND
     FRANCISCO, et al.,                        COMPLAINT
11
                     Defendants.
12
13                               I. INTRODUCTION

14          This suit is the latest development in an on-going land-use dispute between Plaintiff AIDS

15   Healthcare Foundation, Inc. ("AHF") and the City of San Francisco ("the City").  AHF claims it

16   was unconstitutionally targeted by San Francisco city legislators for taking a public and unpopular

17   position in opposition to a HIV/AIDS medication known as pre-exposure prophylaxis ("PrEP").

18   AHF avers that, in retaliation for its stand on PrEP, the city legislators passed new zoning rules to

     delay its proposed building project in the Castro neighborhood.  AHF previously sued the City in a
19
     related case alleging the new zoning rules violated its constitutional rights.  The Court dismissed
20
     that complaint with leave to amend.  AHF then requested a stay to seek conditional use
21
     authorization from the San Francisco Planning Commission in order to proceed with its project
22
     under the new rules.
23
            On January 28, 2016, the Planning Commission disapproved AHF's conditional use
24
     application.  In response, AHF filed this new complaint and petition.  AHF argues that the
25
     Planning Commission acted unconstitutionally and abused its discretion in denying its conditional
26
     use application.  Defendants move to dismiss on the basis that AHF's state-law claim is barred by
27
     the statute of limitations and the doctrine of exhaustion of administrative remedies, and that its
28

1    constitutional claim is barred by res judicata.  Defendants' motion is granted in full as to AHF's

2    state-law claim and in part as to AHF's constitutional claim.

3                                   **II. FACTUAL BACKGROUND**[1]

4           The background of this dispute was described in detail in this Court's January 21, 2015

5    order granting the City's motion to dismiss AHF's first amended complaint in *AIDS Healthcare*

6    *Foundation, Inc. v. City and County of San Francisco, et al.*, No. 14-cv-03499 ("related case").

7    There, AHF challenged the constitutionality of the new zoning rules ("Interim Controls").  The

8    City moved to dismiss and the Court granted that motion because AHF failed to satisfy its

9    pleading burden and exhaust administrative remedies.  AHF filed a second amended complaint,

10   which the City again moved to dismiss.  While the second motion to dismiss was pending, the

11   parties agreed to stay the case so that AHF could apply for conditional use authorization under the

12   Interim Controls, which AHF did on May 20, 2015.

13          On January 28, 2016, the Planning Commission disapproved AHF's conditional use

14   authorization application in Motion No. 19533 ("the Motion").  The Motion provides:

15                   APPEAL AND EFFECTIVE DATE OF MOTION: Any aggrieved
                     person may appeal this Conditional Use Authorization to the Board
16                   of Supervisors within thirty (30) days after the date of this Motion
                     No. 19553. The effective date of this Motion shall be the date of this
17                   Motion if not appealed (after the 30- day period has expired) OR the
                     date of the decision of the Board of Supervisors if appealed to the
18                   Board of Supervisors.

19   Def.'s Request for Judicial Notice ("RJN"), Ex. A.[2]  AHF did not appeal to the Board of

20   Supervisors within thirty days.  Instead, on April 28, 2016, ninety-one days after the decision of

21   the Planning Commission, AHF filed this action against the City and County of San Francisco, the

22

23   ───────────────
     [1] The factual background is based on the averments in the Complaint, which must be taken as true
24   for purposes of a motion to dismiss.

25   [2] Judicial notice of local laws, resolutions, and records of administrative proceedings is
     appropriate here.  *See, e.g., Colony Cove Prop., LLC v. City of Carson*, 640 F.3d 948, 954-56 n.3-
26   4 (9th Cir. 2011) (taking judicial notice of undisputed contents of local ordinances and
     resolutions).  Defendants' requests for judicial notice are granted.  *See* Def.'s RJN Exs. A-D;
27   Def.'s Supplemental RJN Exs. A-C.

28                                                          ORDER RE: MOTION TO DISMISS
                                                            CASE NO.  16-cv-02319-RS

United States District Court
Northern District of California

Board of Supervisors, Supervisor Scott Weiner, the Planning Commission, and the Planning Department (collectively "Defendants").  The complaint includes a writ of mandate, under Cal. Code Civ. Proc. §1085 or § 1094.5, to set aside the Planning Commission's disapproval of AHF's conditional use authorization and a claim for violation of AHF's constitutional rights, under 42 U.S.C. § 1983.

### III. LEGAL STANDARD

Federal courts maintain limited jurisdiction and possess only power authorized by Article III of the United States Constitution and statutes enacted by Congress.  *See, e.g., Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  The party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The role of the federal courts "is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution."  *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 1999).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations" are not required, a complaint requires sufficient factual averments to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

### IV. DISCUSSION

Defendants argue that the Complaint should be dismissed for three reasons: (i) pursuant to Cal. Gov. Code § 65009, AHF's action challenging the disapproval of its conditional use application should have been—and was not—filed within ninety days of the Planning Commission's decision; (ii) AHF did not appeal the disapproval of its application to the Board of

Supervisors and thus failed to exhaust its administrative remedies; and (iii) AHF's Section 1983

claim is barred by res judicata.  Each argument is addressed separately below.

### A.  Statute of Limitations

Defendants contend that Section 65009 of the California Government Code bars this

action.[3]  Section 65009 is located in division 1 (Planning and Zoning) of title 7 (Planning and

Land Use) of the Government Code.  It establishes a short, 90-day statute of limitations,

applicable to both the filing and service of challenges to a broad range of local zoning and

planning decisions.  Defendants rely on subdivision (c)(1):

> [N]o action or proceeding shall be maintained in any of the
> following cases by any person unless the action or proceeding is
> commenced and service is made on the legislative body within 90
> days after the legislative body's decision: . . .
>
> (E) To attack, review, set aside, void, or annul any decision on the
> matters listed in Sections 65901 and 65903, or to determine the
> reasonableness, legality, or validity of any condition attached to a
> variance, conditional use permit, or any other permit.
>
> (F) Concerning any of the proceedings, acts, or determinations
> taken, done, or made prior to any of the decisions listed in
> subparagraphs (A), (B), (C), (D), and (E).

They further rely on subdivision (e), which provides: "Upon the expiration of the time limits

provided for in this section, all persons are barred from any further action or proceeding."  Section

65009 is strictly construed, such that "service is untimely even if it is only one day late[.]"

*Beresford Neighborhood Assn. v. City of San Mateo*, 207 Cal. App. 3d 1180, 1187 (1989).

AHF argues that the Planning Commission's disapproval of its conditional use application

falls outside the ambit of Section 65009.  It contends that 65009(c)(1)(E) does not apply because

the Planning Commission's decision to disapprove its conditional use application was neither a

decision to "determine the reasonableness, legality, or validity or any condition attached to a []

conditional use permit" nor a decision "on the matters listed in Section 65901 and 65903."

---

[3] California's limitation rules apply to state-law claims.  *See McQuiston v. City of Los Angeles*, 564 F. App'x 303, 306 (9th Cir. 2014)

Section 65901(a) provides: "The board of zoning adjustment or zoning administrator shall hear and decide applications for conditional uses or other permits when the zoning ordinance provides therefor and establishes criteria for determining those matters . . .  The board of zoning adjustment or the zoning administrator may also exercise any other powers granted by local ordinance, and may adopt all rules and procedures necessary or convenient for the conduct of the board's or administrator's business."  Section 65903 provides: "A board of appeals, if one has been created and established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be.  Procedures for such appeals shall be as provided by local ordinance."  AHF argues that the Planning Commission, not the zoning administrator or the board of appeals, made the relevant decision here, so Sections 65901 and 65903 do not apply.  It further argues that no conditions attach to the *denial* of the conditional use application, so there was no determination of the "reasonableness, legality, or validity" of any condition here.

AHF's argument is illogical and adopting it would undermine the statutory purpose of Section 65009.  The language of Section 65009 is broad.  It covers "any decision" on the "matters listed" in Sections 65901 and 65903.  That Section 65009(c)(1)(E) incorporates by reference decisions on "the matters listed in Sections 65901 and 65903" suggests that the Legislature intended Section 65009 to reach the "matter" of conditional use applications.  Moreover, Section 65901 refers to the exercise of "powers granted by local ordinance" and Section 65903 similarly refers to procedures "provided by local ordinance."  The San Francisco Planning Code authorizes the Planning Commission to "hear and make determinations regarding applications for the authorization of conditional uses."  S.F. Planning Code §§ 303(a), 303.1(d).  Likewise, the Planning Code authorizes the Board of Supervisors to review any "final determination by the Planning Commission on an application for conditional use authorization may be appealed to the Board of Supervisors" and "overturn the Commission's approval or denial of a conditional use." *Id.* §§ 303(f)(4), 316.6.

AHF argues that the Legislature specifically intended to exclude decisions by the Planning

United States District Court
Northern District of California

1   Commission from Section 65009(c)(1)(E) because that section does not incorporate by reference

2   Section 65902, which discusses the authority of the Planning Commission.  Specifically, Section

3   65902 provides: "In the event that neither a board of zoning adjustment or the office of a zoning

4   administrator has been created and established, the planning commission shall exercise all of the

5   functions and duties of said board or said administrator."  AHF interprets the omission of Section

6   65902 in Section 65009(c)(1)(E) as evidence that the Legislature did not intend to make Planning

7   Commission decisions subject to the 90-day rule.  Instead, AHF argues, the Legislature intended

8   to include only decisions by the zoning administrator, which are covered by Section 65901, or the

9   board of appeals, which are covered by Section 65903.  Yet, the substance of Section 65902 is

10   different from the substance of Sections 65901 and 65903.  Whereas Section 65901 and, by

11   reference, Section 65903 identify a substantive matter for resolution by the zoning administrator or

12   the board of appeals—i.e., conditional use applications—Section 65902 does not.  Section 65902

13   serves the limited purpose of empowering the Planning Commission to act as the board of zoning

14   adjustment or the office of a zoning administrator.  Thus, there is no "matter listed" in Section

15   65902.

16         Other courts have rejected the notion that the reviewing body, rather than the underlying

17   decision being reviewed, determines the applicability of Section 65009.  *See, e.g.*, *Stockton*

18   *Citizens for Sensible Planning v. City of Stockton*, 210 Cal. App. 4th 1484, 1492 (2012) (finding

19   "no question" that the city's Community Development Department Director was acting as the

20   zoning administrator for purposes of Section 65009 where the city council, by local ordinance,

21   vested him with the authority to review development projects); *Royalty Carpet Mills, Inc. v. City*

22   *of Irvine*, 125 Cal. App. 4th 1110 (2005) (applying Section 65009 to bar a petition challenging

23   decision by city council that overturned planning commission's denial of conditional use permit.);

24   *Wagner v. S. Pasadena*, 78 Cal. App. 4th 943 (2000) (applying Section 65009 to bar a petition

25   challenging city council's affirmation of planning commission's grant of conditional use permit).

26         *Honig v. San Francisco Planning Dept.*, 127 Cal. App. 4th 520 (2005) is instructive.

27   There, real parties applied for a zoning variance and a building permit.  The zoning variance was

28                                              ORDER RE: MOTION TO DISMISS
                                              CASE NO.  16-cv-02319-RS

6

approved.  Appellant, a neighbor of the applicant, filed a request with the planning commission for discretionary review of the building permit.  The planning commission denied appellant's request and the department of building inspections subsequently issued the building permit.  Appellant appealed the issuance of the building permit to the board of appeals, which upheld the permit.  Appellant then filed a petition for writ of administrative mandate.  The court sustained the respondent's demurrer to the petition on the grounds that it was time-barred pursuant to Section 65009.  The court of appeal considered whether the petition was subject to Section 65009.  It noted that, "[b]y its terms, Section 65903 only lists a board of appeal's determination of an appeal from 'the board of zoning adjustment or the zoning administrator.'"  *Id.* at 527.  In that case, however, the board of appeals decision did not originate with the zoning board or the zoning administrator.  Instead, it originated with the planning commission.  The court of appeal found that Section 65009 still applied.  It reasoned: "The attack on the building permit is, in reality, nothing more than a challenge to the variance."  *Id.*, at 528.  It explained that "[t]he decision of the board of appeals upholding the building permit therefore involved issues of zoning and planning . . . [I]t would exalt form over substance to refuse to apply that section. . . ."  *Id.*

Similarly, in *Guru Nanak Sikh Society v. County of Sutter*, 326 F. Supp. 2d 1128 (E.D. Cal. 2003), the court applied Section 65009 to bar an action challenging a county's denial of the plaintiff's conditional use application.  The plaintiff brought a claim for judicial review under Cal. Code Civ. Proc. § 1094.5 and defendants moved to dismiss on the basis that more than ninety days passed between the determination of the board of supervisors and the filing of the complaint.  There, like here, the plaintiff argued that the statute of limitations applies only to *grants* of conditional use permits, not to *denials* of such permits.  The court disagreed, finding that "[t]he statute itself [] does not appear to point towards this distinction.  On the contrary, the statute limits the period of time in which an action may be filed to 'attack, review, set aside, void or annul any decision' regarding an application for a conditional use permit."  *Id.*, at 1138.

In construing a statute, the Court seeks to implement the legislative purpose.  Here, "[t]he clear legislative intent of this statute is to establish a short limitations period in order to give

governmental zoning decisions certainty, permitting them to take effect quickly and giving property owners the necessary confidence to proceed with approved projects." *Ching v. San Francisco Bd. of Permit Appeals*, 60 Cal. App. 4th 888, 893 (1998). AHF disagrees and contends that the purpose of the statute is more limited. It relies on the introductory language of section 65009(a)(1): "The Legislature finds and declares that there currently is a housing crisis in California and it is essential to reduce delays and restraints upon expeditiously completing housing projects." AHF contends that the statute aims to expedite the completion of approved, housing projects, so the statute of limitations in Section 65009(c)(1)(E) applies only to approved, not denied, permits.

Legislators did enact Section 65009 to hasten the construction of housing to meet a deficit, but housing was only part of their concern. The broad language of Section 65009 reflects a desire to speed developments in general. Introduced in 1983, the bill "create[d] three sets of deadlines for filing and serving lawsuits that challenge local land use decisions. . ." Enrolled Bill Report for A.B. 998, 2 (Sept. 21, 1983). It created a 120-day limit for challenges to general plans and zoning, a two-year limit for challenges to housing projects, and a 90-day limit for "conditional use permits and variances." *Id.* It aimed to "provide certainty in local government land use decisions. . ." *Id.* Indeed, the Legislature emphasized the statute's wide applicability with a 1987 amendment to remove "housing" from subdivision (a)(2). *See* Stats. 1987, ch. 218, § 1. Section 65009 now strives to "to provide certainty for property owners and local governments regarding decisions made pursuant to this division" (Cal. Gov. Code § 65009(a)(3)) and thus to alleviate the "chilling effect on the confidence with which property owners and local governments can proceed with projects" (*id.*, § 65009 (a)(2)) created by potential legal challenges to local planning and zoning decisions. Nothing in the statute's legislative history suggests its limits apply only to approved housing projects, as AHF contends.

For these reasons, Section 65009 is applicable to the Planning Commission's disapproval of AHF's conditional use authorization application. The strict construction of Section 65009 does not work an injustice in this case. AHF had thirty days to file its appeal under San Francisco

1    Planning Code section 308.1(b). Had AHF appealed, it would have had another ninety days after

2    a decision by the Board of Supervisors to file this action. AHF suggests in a footnote that the

3    ninety-day clock only started running after the thirty-day period to appeal to the Board of

4    Supervisors expired. The plain language in the Planning Commission's decision precludes that

5    interpretation. It says: "The effective date of this Motion shall be the date of this Motion if not

6    appealed (after the 30- day period has expired) OR the date of the decision of the Board of

7    Supervisors if appealed to the Board of Supervisors." Def.'s RJN, Ex. A. The language is

8    unequivocal. AHF has been on notice, since April 28, 2016, of its right to appeal and its deadline

9    for seeking judicial review.

10        **B. Exhaustion**

11        Defendants argue AHF's state law claim is barred because AHF failed to exhaust available

12   administrative remedies. As noted in the motion denying AHF's conditional use application, AHF

13   had the right to appeal the Planning Commission's decision to the Board of Supervisors. Indeed,

14   Section 308.1(a) of the S. F. Planning Code provides: "The action of the Planning Commission . . .

15   in approving or disapproving in whole or in part an application for conditional use authorization

16   . . . shall be subject to appeal to the Board of Supervisors." Section 308.1(b) further provides:

17   "Any appeal under this Section shall be taken by filing written notice of appeal with the Board of

18   Supervisors within 30 days after the date of action by the Planning Commission. The notice of

19   appeal shall be subscribed by either (i) the owners of at least 20 percent of the property affected by

20   the proposed amendment or conditional use or (ii) five members of the Board of Supervisors."

21   AHF did not appeal.

22        AHF contends it had no effective administrative remedy, so the exhaustion doctrine does

23   not apply. AHF argues that the available remedy was inadequate because Section 308.1(b)

24   conditions the right to appeal on circumstances outside of the appellant's control.  AHF relies on

25   two cases—*Eye Dog Foundation v. State Board of Guide Dogs for Blind*, 67 Cal. 2d 536 (1967)

26   and *SJCBC, LLC v. Horwedel*, 201 Cal. App. 4th 339 (2011)—rejecting the application of the

27   exhaustion doctrine where there was no effective administrative remedy. Both cases are

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  distinguishable.  In *Eye Dog Foundation*, the court held the plaintiff foundation could not have

2  asserted its constitutional claims and sought relief in an administrative procedure because it could

3  not initiate that procedure; only the Attorney General could do so by filing an accusation.   67 Cal.

4  2d at 544.  Similarly, in *SJCBC*, the court found that petitioners could not have initiated the

5  administrative review that they allegedly were required to exhaust, and the party authorized to do

6  so—the director—did not do so before petitioners sought judicial relief.  201 Cal. App. 4th at 349.

7       Here, AHF does not allege that it sought the requisite subscriptions for its notice of appeal

8  but could not collect them due to the conduct of third parties outside of its control.  Indeed, there is

9  nothing on the record to show that AHF attempted to comply with the requirements of Section

10  308.1(b) at all.   AHF bears the burden of establishing jurisdiction and fails to do so here.  Its

11  complaint does not even cast doubt on the availability of remedies.  Moreover, AHF's argument is

12  belied by the record.  Defendants have produced recent Board of Supervisor agendas showing

13  conditional use appeals.  *See* Def.'s Supp. RJN, Exs. A-C.  Thus, as a general matter, compliance

14  with Section 308.1(b) is not so difficult as to amount to a denial of the right to appeal.

15       AHF's related argument, that its appeal to the Board of Supervisors would have been

16  futile, fails for the same reason.  AHF contends that its "sole, unsubscribed" appeal would have

17  been rejected, pursuant to Section 308.1(b).  Rather than argue that attempting to secure the

18  subscriptions or argue the appeal would have been futile, AHF maintains the fact that the

19  unsubscribed appeal would have been rejected is reason alone to except this case from the

20  exhaustion doctrine.  For the reasons discussed above, AHF's futility argument fails.

21       Amendment would be futile.  The failure here is not one of pleading.  Instead, the failure is

22  the absence of a viable claim.  The record establishes that administrative remedies were available

23  to AHF.  AHF acknowledges it did not submit an appeal in compliance with Section 308.1 or

24  attempt to do so.  As such, AHF cannot show that remedies were unavailable.  It would make no

25  difference if the complaint were amended.

26  **C.  Res Judicata**

27       Defendants argue that AHF's failure to petition for administrative mandamus in a timely

28

1    fashion is fatal to its constitutional claim under 42 U.S.C. § 1983 ("Section 1983").  They rely on

2    *Briggs v. City of Rolling Hills Estates*, 40 Cal. App. 4th 637, 647 (1995).  There, the court of

3    appeal affirmed the trial court's grant of summary judgment in favor of a city in a homeowners'

4    claim for injunctive relief and damages under Section 1983.  The homeowners alleged that a city

5    ordinance was void for vagueness and that the city wrongfully deprived plaintiffs of their

6    constitutional right to use their property.  As a condition for permitting a substantial addition to

7    plaintiffs' house, the city applied the ordinance and required the removal of an unapproved patio.

8    Plaintiffs did not seek judicial review of this condition by administrative mandamus, but instead

9    filed suit.  The trial court found that plaintiffs' constitutional claims based on the ordinance, as

10   applied, were precluded by their failure to challenge the city's decision directly by administrative

11   mandamus.  The court of appeal affirmed based not on the doctrine of "failure to exhaust

12   administrative remedies," but on "a form of res judicata, of giving collateral estoppel effect to the

13   administrative agency's decision, because that decision has achieved finality due to the aggrieved

14   party's failure to pursue the exclusive judicial remedy for reviewing administrative action."  40

15   Cal. App. 4th at 645.

16        The doctrine of exhaustion of judicial remedies aims to prevent an aggrieved party from

17   avoiding the preclusive effects of an adverse administrative action by forgoing the right to judicial

18   review by failing to proceed in mandate.  If the party initially pursues a claim in an administrative

19   forum in which the party has an adequate opportunity to litigate disputed issues, the party will

20   suffer preclusive effects of an adverse decision or findings in a later action if it fails to seek

21   judicial review of the administrative decision in state court through mandamus.

22        There are, however, predicates to the doctrine's application.[4]  As an initial matter,

23

---

24   [4] As a matter of federal common law, preclusive effect can only be given to state
     administrative adjudications if the state proceeding satisfied the fairness requirements outlined in
25   *United States v. Utah Construction & Mining Co*., 384 U.S. 394, 422 (1966).  *See Miller v. County
     of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir.1994).  In light of California's incorporation of the
26   *Utah Construction* standard, the inquiry is whether the administrative hearing met the
     requirements of California law such that a California court would have accorded the determination
27   preclusive effect.  *See Eilrich v. Remas*, 839 F.2d 630, 633 (9th Cir. 1988), cert. denied, 488 U.S.
     819 (1988); *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist*., 783 F.2d 848, 850-51

28                                              ORDER RE: MOTION TO DISMISS
                                                CASE NO. 16-cv-02319-RS

United States District Court
Northern District of California

11

collateral estoppel precludes relitigation only where: (i) the issue sought to be precluded is identical to that decided in a former proceeding; (ii) the issue was actually litigated and (iii) necessarily decided in the former proceeding; (iv) the decision in the former proceeding was final and on the merits; and (v) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding.  *See Pac. Lumber Co. v. State Water Res. Control Bd*., 37 Cal.4th 921, 943 (2006).  Moreover, "[f]or an administrative decision to have collateral estoppel effect, it and its prior proceedings must possess a judicial character." *Id*.  "Indicia of proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision." *Id*. at 944.

Here, it is improper to give preclusive effect to the Planning Commission's administrative decision with regard to the AHF's application for conditional use authorization.  First, the Planning Commission did not consider the same issue as the one that is currently before the Court.  The Section 1983 claim raised by this lawsuit "could not have been before the [Planning Commission] because it was [their] ultimate decision . . . and the allegedly discriminatory nature of that decision, that gave rise to plaintiff's claims." *Guru Nanak Sikh Soc'y*, 326 F. Supp. 2d at 1133.  As *Guru Nanak Sikh Society* found "[i]t would be counterintuitive, to say the least, for a federal court to shield local government officials from scrutiny under the Constitution and federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions.  Federal common law does not command such an abdication of judicial responsibility." *Id.* at 1134; *see also Congregation Etz Chaim v. City of Los Angeles*, No. CV 10-1587 CAS EX, 2011 WL 12462883, at *7 (C.D. Cal. Jan. 6, 2011).

Second, even if the claims at issue were the same, it is hardly clear that the Planning

(9th Cir. 1986) (detailing the claim preclusive effect of prior judicial and administrative decisions on a later § 1983 claim).

United States District Court
Northern District of California

Commission's review was conducted with sufficient safeguards to be equated with a state court judgment. Defendants have made no effort to show that the Planning Commission's proceedings possessed the indicia of proceedings undertaken in a judicial capacity and, in any event, the allegations of the Complaint do not suggest they did.

## V. CONCLUSION

Defendants' motion to dismiss AHF's state law claim for a writ of mandate is granted without leave to amend. Defendants' motion to dismiss AHF's claim for violation of its constitutional rights, under 42 U.S.C. § 1983, is denied. Yet, as discussed at the September 15, 2016 hearing, AHF's constitutional claim is dismissed without prejudice. AHF may incorporate that claim into a third amended complaint in the related case, *AIDS Healthcare Foundation, Inc. v. City and County of San Francisco, et al.*, No. 14-cv-03499.

**IT IS SO ORDERED**.

Dated: September 26, 2016

_____
RICHARD SEEBORG
United States District Judge